# Megan Valenzuela

## v.

# Bloomnet, Inc., et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-307-CV-201702314 | Martin, James T. | 08/04/2017 | LAS CRUCES District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | BLOOMNET, INC. |
| D | Defendant | 2 | 1-800 FLOWERS.COM, INC. |
| D | Defendant | 3 | 1-800 TEAM SERVICES, INC. |
| D | Defendant | 4 | 1-800 FLOWERS SERVICE SUPPORT CENTER, INC. |
| D | Defendant | 5 | 1-800 FLOWERS |
| D | Defendant | 6 | NANCE MARK |
| P | Plaintiff | 1 | VALENZUELA MEGAN |

ATTORNEY: DUKE BRETT

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/07/2017 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Fair Labor Standards Act |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 08/18/2017 | WAIVER Waiver of Service | | | | |
| 08/11/2017 | JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE Peremptory Challenge to a District Judge - the Hon James T Martin is excused | | P | 1 | |
| 08/07/2017 | DCM (Differentiated Case Management) Scheduling Order Order Requiring Scheduling Reports, A Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings | | | | |
| 08/04/2017 | JURY DEMAND 6 PERSON Six Person Jury Demand | | | | |
| 08/04/2017 | OPN: COMPLAINT Plainitff's Original Complaint for Handicap Discrimination, Failure to Accommodate Statutuory and Common Law Retaliation, Hostile Work Environment with Six Person Jury Demand | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 08/04/2017 | Martin, James T. | 1 | INITIAL ASSIGNMENT |

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
8/4/2017 11:25:59 AM
CLAUDE BOWMAN
Paloma Nava

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

MEGAN VALENZUELA,

    Plaintiff,

D-307-CV-2017-02314

Martin, James T.

v.

BLOOMNET, INC., individually and d/b/a
1-800-FLOWERS, 1-800 FLOWERS.COM, INC.,
individually and d/b/a 1-800-FLOWERS, 1-800 TEAM
SERVICES, INC., individually and d/b/a 1-800
FLOWERS, 1-800 FLOWERS SERVICE SUPPORT
CENTER, INC., individually and d/b/a 1-800 FLOWERS,
1-800 FLOWERS, and MARK NANCE, individually
and in representative capacity,

    defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT FOR HANDICAP DISCRIMINATION, FAILURE TO ACCOMMODATE, STATUTORY AND COMMON LAW RETALIATION, HOSTILE WORK ENVIRONMENT with SIX PERSON JURY DEMAND**

Plaintiff complains of handicap discrimination, failure to accommodate, statutory retaliation, common law retaliation, and hostile work environment, against defendants.

**Parties**

1.     Plaintiff Megan Valenzuela is an individual and Citizen of the State of New Mexico. Plaintiff is an employee within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.

2.     Defendant BloomNet, Inc., individually and d/b/a 1-800-flowers.com, is a foreign corporation that does business in the State of New Mexico but does not have a registered agent for service of process that may be served with process by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by Rule

1-004 NMRA to receive service of process. Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.

3. Defendant 1-800 Flowers.com, Inc., individually and d/b/a 1-800-flowers.com, is a foreign corporation that does business in the State of New Mexico but does not have a registered agent for service of process that may be served with process by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by Rule 1-004 NMRA to receive service of process. Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.

4. Defendant 1-800-Flowers Team Services, Inc., is a foreign corporation that does business in the State of New Mexico but does not have a registered agent for service of process that may be served with process by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by Rule 1-004 NMRA to receive service of process. Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.

5. Defendant 1-800 Flowers Service Support Center, Inc., is a foreign corporation that does business in the State of New Mexico but does not have a registered agent for service of process that may be served with process by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by Rule 1-004 NMRA to receive service of process. Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq

6. Defendant 1-800 Flowers is a foreign corporation that does business in the State of New Mexico but does not have a registered agent for service of process that may be served with process by serving a copy of the process to an officer, a managing or a general agent or to any other agent

authorized by appointment, by law or by Rule 1-004 NMRA to receive service of process. Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq

7.     Defendant Mark Nance is an individual and Citizen of the State of New Mexico that may be served with process at his abode, 505 Palmas Altas Dr. SE, Rio Rancho NM 87124-1322, or wherever he may be found.  Defendant is an employer within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.  Defendant is sued in his individual and representative capacity.

8.     Defendants are alter egos of each other and joint employers of Plaintiff.  Defendants had Plaintiff perform certain work and defendants had the right to control the manner in which the details of the work were to be done.  All defendants exercised significant control over the terms and condition of employment of Plaintiff.  Defendants had the ability to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours, day-to-day supervision, including discipline, and control over Plaintiff's records, including payroll, insurance, taxes and the like.

**Exhaustion of Administrative Procedures**

9.     Plaintiff timely filed a charge of discrimination and satisfied all administrative requirements for filing this suit.  Plaintiff timely filed a charge of discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau on or about August 11, 2016, that issued its Order of Nondetermination authorizing Plaintiff to pursue within 90 days in New Mexico State District Court her complaint under the New Mexico Human Rights Act.  See attached Exhibit "A" incorporated by reference.  Accordingly, Plaintiff satisfied all administrative requirements for filing this suit.

3

Exhibit B

## Jurisdiction and Venue

10. The New Mexico Human Rights Act, 28-1-13 NMSA, confers jurisdiction in the State of New Mexico, Dona Ana County, Third Judicial District Court, where defendants do business. All relevant events that form the causes of action of this litigation occurred within the State of New Mexico. The United States District Courts do not have subject matter jurisdiction because there is no federal-question jurisdiction and there is no diversity jurisdiction.

## Facts

11. Plaintiff was hired by defendants on July 12, 2006, in customer service and sales. In 2007 Plaintiff was even promoted and given a raise.

12.. Later, in New Mexico, Plaintiff was transferred to technical support. Plaintiff worked for defendants from her home in New Mexico.

13. Plaintiff suffered from a serious medical condition, major depression, anxiety, and insomnia, which affected her neurological function, cardiovascular function, brain function, and respiratory function that affected major life activities, including eating, speaking, breathing, sleeping, thinking, and concentrating.

14. Plaintiff informed defendants of her serious health condition.

15. Plaintiff provided defendants with records of her serious health condition, disability, and handicap.

16. In the spring of 2015, Plaintiff sought an accommodation of intermittent leaves of absences.

17. Defendants accommodated Plaintiff's requests.

18. Defendants provided Plaintiff with a reasonable accommodation for her disability by allowing her to report late to work.

19. Defendants requested, but did not require, advance notice when feasible.

20. Defendants then discriminated against Plaintiff because of her serious medical condition, physical handicap, and mental handicap. Defendants regarded Plaintiff as having serious medical condition, physical handicap, and mental handicap. Plaintiff had a record of a serious medical condition, physical handicap, and mental handicap.

21. More specifically, defendants treated Plaintiff differently because of her serious medical condition and handicap. Defendants discussed Plaintiff's serious medical condition and handicap openly, disclosing her use of medication because of depression and anxiety. Defendants' discrimination resulted in Plaintiff suffering a hostile work environment that was severe and pervasive, even with Plaintiff working from home.

22. Plaintiff suffered from a hostile work environment, based on her handicap and her protected activities described above that defendants retaliated against her for, that defendants created because the offensive conduct described above had the purpose or effect of unreasonably interfering with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment, looking at the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, being physically threatening or humiliating, unreasonably interfering with Plaintiff's work performance. The work environment was both objectively and subjectively hostile, one that a reasonable person would find hostile or abusive and one that Plaintiff did perceive as being hostile or abusive.

23. Plaintiff also sought further accommodation for her serious medical condition and handicap.

24. Defendants also retaliated against Plaintiff for seeking accommodation.

25. Plaintiff complained of and opposed the discrimination, including by filing complaints in writing with defendants' human resources director in December 2015.

26. Defendants responded by retaliating against Plaintiff. The retaliation ultimately included

5

Exhibit B

defendants' discharge of Plaintiff's employment, and also included subjecting Plaintiff further to a hostile work environment, scrutinizing Plaintiff's work performance to an unfair and untruthful degree, and interfering and denying Plaintiff's accommodation of intermittent leave. More specifically, in January 2016 defendants retaliated against Plaintiff for exercising her accommodation. In February 2016, after working excessive hours, Plaintiff notified defendants of the need for her intermittent leave. In response, defendants disciplined Plaintiff. Then in April 2016, defendants disciplined Plaintiff for an alleged error she made 14 months ago. Then in May 2016, Plaintiff was disciplined for working on company billing and not being distracted and interrupted.

27. In May 2016 Plaintiff sought accommodation.

28. In June 2016 Plaintiff further suffered from her serious medical condition and handicap. Plaintiff again sought the accommodation of intermittent leave to accommodate her serious medical condition and handicap as defendants had provided to her. Plaintiff also filed claims regarding her serious medical condition and handicap. Plaintiff sought medical help for her serious medical condition and handicap.

29. In May 2016, again, Plaintiff opposed and complained to human resources of the discrimination and of the retaliation.

30. Defendants then further retaliated against Plaintiff for opposing the discrimination and retaliation and seeking this accommodation and because of her serious medical condition and handicap and discharged Plaintiff on July 19, 2016.

**COUNT I.: HANDICAP DISCRIMINATION**

31. The above described conduct of defendants violated the New Mexico Human Rights Act. Defendants intentionally discriminated against and caused Plaintiff's discharge and hostile work

Exhibit B

environment because: of Plaintiff's physical or mental handicap that substantially limits one or more of Plaintiff's major like activities or serious medical condition; Plaintiff had a record of a physical or mental handicap; or Plaintiff was regarded by defendant as having a physical or mental handicap. See N.M. Stat. Ann. § 28-1-7(A) (1978). Defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment and Plaintiff's constructive discharge.

## COUNT II.: FAILURE TO ACCOMMODATE

32. The above described conduct of defendants violated the New Mexico Human Rights Act. Defendants intentionally refused or failed to accommodate Plaintiff's physical or mental handicap or serious medical condition that was not unreasonable or an undue hardship. See N.M. Stat. Ann. § 28-1-7(J) (1978). Defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment and Plaintiff's discharge.

## COUNT III.: STATUTORY RETALIATION

33. The above described conduct of defendants violated the New Mexico Human Rights Act. Defendants intentionally retaliated against and discriminated against Plaintiff. Defendants aided, abetted, incited, compelled, and coerced the doing of unlawful discriminatory practices or attempted to do so. Defendants engaged in forms of threats, reprisal and discrimination against Plaintiff who had opposed unlawful discriminatory practices or had filed a complaint, testified or participated in any proceeding under the Human Rights Act. Defendants willfully obstructed and prevented persons from complying with the provisions of the Human Rights Act. See N.M. Stat. Ann. § 28-1-7(I) (1978). Defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment and Plaintiff's discharge.

## COUNT IV.: COMMON LAW RETALIATION

Exhibit B

Exhibit B

34. As described above, defendants retaliated against Plaintiff in violation of New Mexico's prohibition against retaliation for performing acts that public policy has authorized or would encourage, or for refusing to do something required by an employer that public policy would condemn. Defendants violated the public policy of prohibiting retaliation for seeking relief under the New Mexico Human Rights Act. An employee may not be discharged for a reason that is contrary to the public policy of the state of New Mexico. Defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment and Plaintiff's discharge.

### COUNT V.: HOSTILE WORK ENVIRONMENT

35. As described above, defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment, the offensive conduct became so severe and pervasive that it altered the conditions of Plaintiff's employment in such a manner that the workplace was transformed into a hostile and abusive environment for Plaintiff looking at the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; it being physically threatening; it being humiliating; and it interfering with Plaintiff's work performance.

### Damages

36. As a direct and proximate result of defendants' conduct against Plaintiff as described above she has suffered injuries and damages. Plaintiff's damages include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff has further suffered additional consequential damages. Plaintiff asks that the jury set the amount of her compensatory damages. The above described conduct of

Exhibit B

defendants, constitutes the type of conduct for which exemplary damages may be awarded in that it was intentional and willful. Plaintiff asks that the jury set the amount of exemplary damages against each defendant.

## Attorney's Fees and Expert Fees

37. Plaintiff is entitled to attorney's fees as allowed by the New Mexico Human Rights Act and expert fees.

## Jury Demand

38. Plaintiff demands a six person jury trial.

## Prayer

39. For these reasons, Plaintiff asks that defendants be cited to appear and answer, and, on final trial, that Plaintiff have judgment against defendants for the following:

    a. general damages;

    b. special damages;

    c. exemplary damages as determined by the jury;

    d. prejudgment interest as provided by law;

    e. attorney's fees and expert fees;

    f. postjudgment interest as provided by law;

    g. court costs and all costs of suit;

    h. such other and further relief to which Plaintiff may be justly entitled at law and equity.

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (facsimile)
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*_____
DANIELA LABINOTI
Texas Bar No.
New Mexico State Bar No. 27422

BRETT DUKE, P.C.
4157 Rio Bravo
El Paso, Texas 79902
(915) 875-0003
(915) 875-0004 (facsimile)
brettduke@brettduke.com

 */s/ Brett Duke*_____
Brett Duke
Texas Bar No. 24012599
New Mexico Bar No. 14633

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MEGAN VALENZUELA,

    Plaintiff,

v.                              State Court Case No. D-307-CV-2017-02314

BLOOMNET, INC., individually and d/b/a
1-800-FLOWERS, 1-800 FLOWERS.COM, INC.,
Individually and d/b/a 1-800-FLOWERS, 1-800 TEAM
SERVICES, INC., individually and d/b/a 1-800
FLOWERS, 1-800 FLOWERS SEVICE SUPPORT
CENTER, INC., individually and d/b/a 1-800 FLOWERS,
1-800 FLOWERS, and MARK NANCE, individually
and in representative capacity,

    **Defendants.**

## AFFIDAVIT OF MAUREEN PARADINE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss. |
| COUNTY OF NASSAU | ) |

I, MAUREEN PARADINE, after being duly sworn upon my oath, state as follows:

1. I am over the age of eighteen years; have personal knowledge of the information set forth in this Affidavit or knowledge based upon my review of my company's business records related to this matter; and am competent to testify regarding this information.

2. I have been employed by 1-800-Flowers.com, Inc. since July, 2005.

3. I am the Senior Vice President of Human Resources.

Exhibit C

4. In calendar year 2015, the plaintiff, Megan Valenzuela, earned $37,984.92. At the time of her separation of employment, on July 19, 2016, the plaintiff's had earned $20,143.64 for the first approximate 28 weeks of calendar year 2016.

FURTHER AFFIANT SAYETH NOT

_____
MAUREEN PARADINE

SUBSCRIBED and SWORN to before me this 18th day of September, 2017.

THOMAS E. PLASTARAS
ATTORNEY & COUNSELOR AT LAW
Notary Public State of New York
No. 524790538
Qualified in Suffolk County
Commission Expires 1/31/18

_____
Notary Public

My Commission Expires: 1/31/18

Exhibit C

THIRD JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF DONA ANA

MEGAN VALENZUELA,

      Plaintiff,

v.                                                     No. D-307-CV-2017-02314

BLOOMNET, INC., individually and d/b/a
1-800-FLOWERS, 1-800 FLOWERS.COM, INC.,
Individually and d/b/a 1-800-FLOWERS, 1-800 TEAM
SERVICES, INC., individually and d/b/a 1-800
FLOWERS, 1-800 FLOWERS SEVICE SUPPORT
CENTER, INC., individually and d/b/a 1-800 FLOWERS,
1-800 FLOWERS, and MARK NANCE, individually
and in representative capacity,

      Defendants.

## NOTICE OF NOTICE OF REMOVAL

Please take notice that on the 18th day of September, 2017, Defendant BLOOMNET, INC. filed a Notice of Removal of the above-captioned action in and to the United States District Court, District of New Mexico, pursuant to 28 U.S.C. section 1441. A copy of the Notice without exhibits is attached hereto as **Exhibit A**.

                                       Respectfully submitted,

                                       JACKSON LEWIS P.C.

                                       */s/ Victor P. Montoya*
                                       Victor P. Montoya
                                       4300 San Mateo Blvd. NE, Suite B-260
                                       Albuquerque, NM 87110
                                       Tel: (505) 878-0515
                                       montoyav@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2017, I filed the foregoing pleading through the State of New Mexico's Odyssey File & Services System, requesting that the following counsel be served by electronic means:

Daniela Labinoti
LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, TX 79901
(915) 581-4600
*Daniela@LabinotiLaw.com*

Brett Duke
BRETT DUKE, P.C.
4157 Rio Bravo
El Paso, TX 79902
(915) 875-0003
*brettduke@brettduke.com*

**Attorneys for Plaintiff**

JACKSON LEWIS P.C.

By: _____